**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

ALLEN E. SIMS,

                      Plaintiff,

-vs-                                  Case No.  6:08-cv-261-Orl-18GJK

SMART CITY
TELECOMMUNICATIONS, LLC, and
SMART CITY HOLDINGS, LLC,

                      Defendants.
_____

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S CLAIMS UNDER THE ADEA AND SUPPORTING MEMORANDUM OF LAW (Docket No. 12)** |
| **FILED:** | **April 4, 2008** |

It is **RECOMMENDED** that the motion be **GRANTED**.

**I.    PROCEDURAL BACKGROUND**

On February 21, 2008, Plaintiff Allen Sims filed a seven count Complaint against Defendants Smart City Telecommunications, LLC ("SCT") and Smart City Holdings, LLC ("SCH") (herein collectively, the "Defendants"). Doc. No. 1. In his Complaint, Plaintiff states that he was employed by SCT as its Chief Operating Officer from January 2002 until September

28, 2006, when he claims he was involuntarily terminated. Doc. No. 1 at 2, ¶ 2. Counts II and IV, the counts pertinent to this Report and Recommendation, allege age discrimination and retaliation pursuant to the Age Discrimination in Employment Act, 29 U.S.C. § 621, *et seq.* ("ADEA").

On April 4, 2008, Defendants filed a Motion to Dismiss Plaintiff's Claims under the ADEA ("Motion"), specifically Counts II and IV. Doc. No. 12. Defendants state that on September 17, 2007, Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Florida Commission on Human Resources ("FCHR'). Defendants maintain that Plaintiff untimely filed his EEOC charge three-hundred and fifty-four (354) days after the alleged discrimination took place, thus time barring his claims under the ADEA. *Id.* at 2, ¶¶ 5-7. Accordingly, Defendants request that Counts II and IV of Plaintiff's Complaint be dismissed. *Id.* at 2.

On April 15, 2008, Plaintiff responded in opposition to Defendants' Motion. Doc. No. 16. Plaintiff agrees that his EEOC charge was not filed within the three hundred (300) day filing period, but Plaintiff maintains that "principles of waiver or equitable estoppel preclude [Defendants] from raising that defense, and toll the running of the statute during the time [Defendants] paid [Plaintiff] pursuant to the Separation Agreement ["Separation Agreement"] attached to the Complaint as Exhibit B." *Id.* (internal quotations omitted); *See* Doc. No. 1-4. Nowhere in Plaintiff's Complaint does he plead or specify the applicability of waiver or equitable estoppel. Plaintiff states this is a fact driven inquiry which is not appropriate on a Motion to Dismiss but rather Summary Judgment.

## II.  LAW

### A.  Statute of Limitations

To bring suit under the ADEA, a Plaintiff claiming retaliation must file a charge with the EEOC "within 300 days after the alleged unlawful practice occurred." *See* 29 U.S.C. § 626(d); *Riccard v. Prudential Ins. Co.*, 307 F.3d 1277, 1291 (11th Cir. 2002) (*citing Maynard v. Pneumatic Products, Corp.*, 256 F.3d 1259, 1263 (11th Cir. 2001)). Thus, if a complaint indicates an ADEA claim accrued more than 300 days prior to the filing of the case without more, it is time-barred.

### B.  Standard of Review

A court should not dismiss a complaint for failure to state a claim unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson,* 355 U.S. 41, 45 - 46 (1957); *see Hishon v. King & Spalding,* 467 U.S. 69, 73 (1984); *Powell v. Lennon,* 914 F.2d 1459, 1463 (11th Cir. 1990); *Wright v. Newsome,* 795 F.2d 964, 967 (11th Cir. 1986); *Ancata v. Prison Health Services, Inc.*, 769 F.2d 700, 703 (11th Cir. 1985) (threshold is "exceedingly low"). In determining whether to dismiss a case, the Court accepts the allegations in the complaint as true, and otherwise views the allegations in the light most favorable to the plaintiff. *Linder v. Portocarrero,* 963 F.2d 332, 334 (11th Cir. 1992) (*citing Quality Foods de Centro Am., S.A. v. Latin Am. Agribusiness Dev. Corp., S.A.,* 711 F.2d 989, 994-95 (11th Cir. 1983)). The Court does not generally accept conclusory allegations as true. *See South Florida Water Management District v. Montalvo,* 84 F.3d 402, 408 n. 10 (11th Cir. 1996); *accord, Associated Builders, Inc. v. Alabama Power Co.,* 505 F.2d 97, 100 (5th Cir. 1974).

"If a plaintiff wishes to withstand a motion to dismiss on the basis of a tolling argument, he or she must advise the Court, either through the complaint or an affidavit, of the facts which would justify application of the tolling doctrine to a complaint time-barred on its face." *Forde v. Royal's, Inc.*, 537 F.Supp. 1173, 1176-77 (S.D. Fla. 1982) (*citing Quina v. Owens-Corning Fiberglas Corp.*, 575 F.2d 1115, 1119 (5th Cir. 1978).[1]  "An ADEA complaint, time-barred on its face, cannot serve as a fishing pole to discover down the road some reason which the plaintiff can justify his failure to meet the threshold . . . notice requirement of [Section] 626(d)(1)." *Quina*, 575 F.2d at 1119.  Thus, a complaint that is time-barred on its face is subject to dismissal unless the plaintiff has pled facts which justify avoidance of the application limitation period.

## III.   APPLICATION

Pursuant to the aforementioned case law, Plaintiff has not apprised the Court either in his Complaint or by affidavit why equitable tolling principles are applicable to this action.  Counts II and IV of Plaintiff's Complaint should be dismissed with leave to amend.  If Plaintiff chooses to amend his Complaint, he should include facts supporting avoidance of the statute of limitations. Accordingly, it is

**RECOMMENDED** that Defendants' Motion [Doc. No. 12] be **GRANTED**, and that Plaintiff be provided an opportunity to amend his Complaint within such time afforded by the District Court.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

---

[1] *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (decisions from the Fifth Circuit prior to October 1, 1981 are binding on the Eleventh Circuit).

**RECOMMENDED** in Orlando, Florida on July 31, 2008.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

The Honorable G. Kendall Sharp
Counsel of Record